IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT LEROY CLARK, #1563489 | § | |
| VS. | § | CIVIL ACTION NO. 2:10cv255 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Caroline M. Craven. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner essentially repeats his claims and contests the timeline of his state direct appeal and habeas filings as described by the Magistrate Judge in her Report and Recommendation. Petitioner asserts that he had made a verbal notice of appeal to the state court trial judge at the time of his conviction, Objections at 1, which in his view should overcome the fact that he untimely filed a written notice of appeal. He also asserts that some of his state habeas filings were also filed in identical form as a direct appeal or petition for discretionary review, *id*. at 2, which he contends should have given him tolling credit on his federal habeas application. However, as the Magistrate Judge observed, the Texas Court of Criminal Appeals dismissed his state habeas applications at least twice because of a pending direct appeal. He also contests these Texas Court of

Criminal Appeals rulings; however, there is nothing in the record to substantiate any of the claims he raises, including any verbal notice of appeal or attempts at filing habeas applications, or "appeals" as he calls them, in the state court. Therefore, he cannot support his claim on the record.

He requested that this Court give him 30 days in which to retrieve documents from his brother. On January 26, 2012, Petitioner did file additional documents he asks the Court to review as part of his objections. *See* Docket Entry #43. However, these documents continue to reflect that Petitioner did not timely file a notice of appeal from his conviction in the trial court. As to his claim that the Texas Court of Criminal Appeals improperly dismissed a state habeas petition because a direct appeal was pending, the documents show that there is some overlap between the time the Sixth Court of Appeals issued its dismissal of his direct appeal and the time the Texas Court of Criminal Appeals dismissed his habeas application. Therefore, this Court cannot say that the Texas Court of Criminal Appeals' ruling was questionable.

At bottom, Petitioner has not made his case. His objections are therefore without merit and will be overruled. The report of the Magistrate Judge is therefore adopted by this Court. Petitioner's petition is untimely and therefore time-barred. It is therefore

**ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 8th day of February, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE