IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT LEROY CLARK, #1563489 | § | |
| VS. | § | CIVIL ACTION NO. 2:10cv255 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

The above-entitled and numbered civil action was heretofore referred to a United States Magistrate Judge. Having reviewed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Magistrate Judge issued a Report and Recommendation (docket entry #36) ("R&R") that Petitioner's petition be dismissed with prejudice as time-barred. Petitioner filed objections to the R&R. On February 8, 2012, the Court adopted the R&R and dismissed the petition with prejudice over Petitioner's objections and entered final judgment. *See* Docket entries #45, 46.

Petitioner has now filed a "Motion the Court Reconsider" (docket entry #51), in which he requests the Court reconsider its entry of final judgment pursuant to Fed. R. Civ. P 60(b)(6) and find "exceptional or extraordinary circumstances" to reverse itself. *See* Motion at 1 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). He raises certain arguments in support of this request.

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

1

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1] The alternative, Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [. . .] (6) any other reason that justifies relief." *Id*.

Here, judgment was entered on February 8, 2012. Petitioner filed his motion on March 5,

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

2

2012.[2] Petitioner asks the Court to "reconsider" its judgment and specifically refers to Rule 60(b)(6), which he refers to as the "catchall rule." Motion at 1. However, he seeks that the Court "vacate" its original judgment and to enter a new judgment in its place. *Id*. A Rule 59(e) motion may also be interpreted as covering motions to vacate judgments. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993). Therefore, inasmuch as Petitioner's motion was filed within 28 days of the judgment and even though Petitioner has expressly invoked Fed. R. Civ. P. 60(b)(6), the Court will construe it as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).

In his first two points, Petitioner contends that the Texas Court of Appeals issued its mandate in his original, ineffectively-filed direct appeal on July 10, 2009. He therefore asserts that his federal petition was filed within the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), on July 9, 2010, the date that he placed it in the prison mailing system pursuant to the prison mailbox rule. *Spotville*, 149 F.3d at 378. However, he misses the impact of the timing of his notice of appeal to the Texas Court of Appeals in this case. He had 30 days from the date of his conviction in the state trial court in which to file his notice of appeal. *See* Tex. R. App. P. 26.2(a). The date of his conviction was March 5, 2009. *See* Petition at 2; *Clark v. State*, 287 S.W.3d 355, 355 (Tex. App. - Texarkana 2009, no pet.). He did not file a notice of appeal until April 14, 2009. *Id*. That was more than 30 days after his conviction, which is why the Sixth Court of Appeals dismissed Petitioner's direct appeal for want of jurisdiction

---

[2] Petitioner is entitled to a presumption of filing on the date he placed his motion into the prison mail system pursuant to the prison mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In this case, he did not state in his motion when he placed it into the prison mail system, though the envelope is postmarked March 1, 2012. Even if filed on March 5, 2012, however, he still falls within the 28-day period of a Rule 59(e) motion for reconsideration.

without ever reaching the merits of the appeal. As the Magistrate Judge in this case noted in the R&R, the AEDPA's statute of limitations accordingly began to run when the state judgment became final by the expiration of the time for seeking such review at the end of that 30-day period, or April 4, 2009. *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963, 121 S. Ct. 1498, 149 L. Ed. 2d 383 (2001); 28 U.S.C. § 2244(d)(1)(A). Absent tolling for some reason, his federal petition, therefore, was due not later than Monday, April 5, 2010. Thus, neither the date the Sixth Court of Appeals issued its decision (May 15, 2009) nor its mandate (July 10, 2009) is of any import to this determination.[3] This contention is without merit.

Petitioner next contends that the Court's dismissal of his petition was somehow improper because the case was referred to Magistrate Judge Roy S. Payne, a then-newly appointed Magistrate Judge, on January 24, 2012. He argues that Magistrate Judge Payne did not issue a Report and Recommendation on which to base a dismissal. Motion at 1-2. However, a Report and Recommendation had already issued from the previously assigned Magistrate Judge Craven on December 14, 2011, pursuant to 28 U.S.C. § 636(b). It was this R&R that the Court reviewed, approved and adopted on February 8, 2012. In fact, Petitioner refers to Magistrate Judge Craven's R&R in this motion. *See* Motion at 2. There was no need or requirement for a new Magistrate Judge to re-evaluate the case or prepare a new R&R. This contention is also without merit.

Petitioner next observes that the Texas Court of Criminal Appeals stated it received his first

---

[3] Further, the Supreme Court recently determined in *Gonzalez v. Thaler*, - - - U.S. - - - -, 132 S. Ct. 641, 653-54, 181 L. Ed. 2d 619 (2012), that when a petitioner does not pursue a petition for direct review to the Texas Court of Criminal Appeals after a decision by the Texas Court of Appeals, the judgment becomes final and the AEDPA statute of limitations begins to run when the time for seeking review with the Texas Court of Criminal Appeals expires. That is based on the date of the Court of Appeals' underlying decision, not the date of its later mandate.

4

state application for writ of habeas corpus on May 12, 2009, but dismissed it on June 3, 2009, because a direct appeal was pending. He questions how his federal petition was due not later than April 5, 2010, if the direct appeal was pending as of June 3, 2009. Motion at 2. Although the Texas Court of Criminal Appeals stated that it dismissed Petitioner's first state habeas application because a direct appeal was pending at the time he filed it, that determination was made under Texas procedural law for the purpose of determining the filing status of the state habeas application only. It does not impact the running of the AEDPA's limitations period, which had already started on April 4, 2009, when Petitioner failed to file a timely notice of appeal in the state trial court. Furthermore, the high court was not likely to have known that the intermediate appellate court would find jurisdiction lacking over the direct appeal when it dismissed the state habeas application.

The more significant issue is whether Petitioner's first state habeas filing should have statutorily tolled the limitations period for his federal petition. In dismissing the state habeas application because of a pending direct appeal, the Texas Court of Criminal Appeals cited Tex. Code Crim. Proc. art. 11.07, § 1. That section "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony *judgment* imposing a penalty other than death." *Id*. (emphasis added). The Texas Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final." *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000), *cert. denied*, 543 U.S. 893, 125 S. Ct. 141, 160 L. Ed. 2d 157 (2004)). In other words, the Texas Court of Criminal Appeals did not reach the merits of the state habeas application because it had not been properly filed. Therefore, it was also not "properly filed" for the purpose of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period for Petitioner's federal habeas petition. *See Larry*, 361 F.3d at 894-95.

5

Thus, this contention is also without merit.

Finally, Petitioner contends that he mailed his second state habeas application for filing in the state court on June 10, 2009. Motion at 2.[4] In fact, the application itself is stamped as filed on June 17, 2009. *See* SHCR-02 at 3. The Texas Court of Criminal Appeals also dismissed that application due to a pending direct appeal, again citing Tex. Code Crim. Proc. art. 11.07, § 1. *Id*. at cover. However, as discussed above, Petitioner's direct appeal was dismissed for want of jurisdiction by the Sixth Court of Appeals on May 15, 2009, due to Petitioner's failure to timely file his notice of appeal. Petitioner did not file a petition for discretionary review nor is there any record of any other direct appeal in the record. It appears that the Texas Court of Criminal Appeals may have erred in believing that a direct appeal was pending at the time it dismissed the second habeas application while citing Tex. Code Crim. Proc. art. 11.07, § 1.

Similar to his first such argument above, Petitioner uses this issue to contend that if a direct appeal had been pending on June 10, 2009, so as to result in the dismissal of his second state habeas application, the federal statute of limitations could not have expired by April 5, 2010. That argument is fallacious. Clearly, there was no direct appeal pending to keep the statute of limitations from running. Equally clearly, the Texas Court of Criminal Appeals dismissed Petitioner's second habeas application without reaching its merits. *See Larry*, 361 F.3d at 894-95 (dismissal under §§1 and

---

[4] Petitioner asserts that his filing was effective that date by the prison mailbox rule. However, the mailbox rule does not pertain to mailed filings of a state habeas application to a state court in Texas. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam), *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *and cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000); *but see Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006) (applying mailbox rule under Louisiana state law to determine date of filing application for *certiorari* to Louisiana Supreme Court on direct review). Instead, the proper approach to a claim of timely filing by mail is to determine whether equitable estoppel should be applied on a case-by-case basis. *Coleman*, 184 F.3d at 402.

3(a)-(b) of art. 11.07 means the state habeas application was not "properly filed" for the purpose of 28 U.S.C. § 2244(d)(2) and does not toll the limitation period for Petitioner's federal habeas petition). On that basis, this Court cannot credit the time the second state habeas application was pending for purposes of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2).

Instead, the Court will determine whether this situation invokes the doctrine of equitable tolling. The Supreme Court has observed that a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, - - - U.S. - - - -, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010) (citation omitted). This is equally problematic for Petitioner. Even if the Texas Court of Criminal Appeals' possible error might be considered an "extraordinary circumstance" under other conditions, in this case it did not prevent Petitioner from timely filing his federal petition regardless. As Petitioner himself points out in his motion, he received a notice card from the Texas Court of Criminal Appeals dated August 12, 2009, informing him specifically that his second state habeas application was dismissed "because a direct appeal was pending on the [date] the application was filed." *See* Motion at 2; *see also* docket entry #39 (supporting exhibits to Petitioner's original R&R objections), Ex. J (copy of notice card addressed to Petitioner, dated August 12, 2009 and postmarked August 13, 2009, and citing Tex. Code Crim. Proc. art. 11.07, §§ 1, 3(a)-(b)). Clearly, the Texas Court of Criminal Appeals timely informed Petitioner of the decision and the statutory basis for the decision. Therefore, even if an error had been made by the Texas Court of Criminal Appeals, it did not "prevent timely filing" of his federal petition. Even more pertinent, the notice card was clear that the dismissal was predicated on a direct appeal being pending at that time. Petitioner must have known of the state high court's error as the party filing his pleadings, yet he did nothing to correct the error or challenge the decision of the

Texas Court of Criminal Appeals. His next court filings of any type were his federal petition on July 9, 2010, and his third state habeas application on July 6, 2010. That was almost nine months after the Texas Court of Criminal Appeals' ruling on his second state application. Petitioner cannot be considered to have been pursuing his rights diligently given that delay. Therefore, he is not entitled to equitable tolling. *Holland*, 130 S. Ct. at 2563. For those reasons, this final contention is also without merit.

Petitioner has not shown cause why the extraordinary remedy of reconsideration of the judgment should be granted under Fed. R. Civ. P. 59(e). *Templet*, 367 F.3d at 479. It is therefore

**ORDERED** that Petitioner's Motion to Reconsider (docket entry #51), construed as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, is hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE