IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT LEROY CLARK, #1563489 | § | |
| VS. | § | CIVIL ACTION NO. 2:10cv255 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER ON PETITIONER'S
POST-JUDGMENT MOTION FOR SUMMARY JUDGMENT

The above-entitled and numbered civil action was heretofore referred to a United States Magistrate Judge. Having reviewed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Magistrate Judge issued a Report and Recommendation (docket entry #36) ("R&R") that Petitioner's petition be dismissed with prejudice as time-barred. Petitioner filed objections to the R&R. On February 8, 2012, the Court adopted the R&R and dismissed the petition with prejudice over Petitioner's objections and entered final judgment. *See* Docket entries #45, 46.

Among other forms of post-judgment relief, Petitioner has filed a post-judgment Motion for Summary Judgment (docket entry #56), as supplemented (docket entry #57) seeking a grant of his § 2254 habeas petition. It is clear from his filing that Petitioner does not understand the application of summary judgment.

First, final judgment has already been entered in this case. The time to file a motion for summary judgment is "any time until 30 days after the close of all discovery," unless the Court orders otherwise. *See* Fed. R. Civ. P. 56(b). Any discovery in this case closed before judgment was entered and the Court has not given leave to file a later summary judgment motion.

Additionally, in brief, Fed. R. Civ. P. 56(a) provides that the Court may only grant a motion

1

for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). To support a motion for summary judgment, a party generally establishes certain issues of undisputed fact and supports his argument with competent summary judgment evidence.

In this case, while Petitioner has offered certain evidence in support of his claim, none of it establishes that there is no genuine issue of undisputed fact regarding his right to a habeas grant. His motion is nothing more than a restatement of his version of the case history followed by a nearly line by line dissection of other documents in this case, including Director Thaler's original motion to dismiss, the Report and Recommendation of the Magistrate Judge who recommended that the habeas petition be dismissed and the underlying findings of the Texas Court of Criminal Appeals at the state level. He has had an opportunity to, and has, made all of these arguments in his original petition, his response to the Director's motion to dismiss and his objections to the Magistrate Judge's Report and Recommendations. Most recently, he has offered the same essential arguments in his Motion for Reconsideration to this Court, which the Court has ruled on separately, denying the motion.

Petitioner has not stated a proper summary judgment motion; it is untimely under Fed. R. Civ. P. 56(b); and his arguments have already been ruled upon and dismissed. Further, "This circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district

court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *See Guajardo v. Texas Dept. of Criminal Justice Executive Director*, 108 Fed. Appx. 848, 850 (5th Cir. 2004) (per curiam) (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983)). Given that Petitioner has filed a notice of appeal of the final judgment in this case, this Court is without power to take any action on his motion except to deny it, which the Court does on the motion's merits. It is therefore

**ORDERED** that Petitioner's post-judgment Motion for Summary Judgment, as supplemented (docket entries #56, 57), is hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE